UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDCENTER HOLDINGS INC., MEDCENTER SOLUTIONS SA, MED SOLUTIONS MÉXICO, S. DE R.L. DE C.V. AND MEDCENTER SOLUTIONS DO BRASIL SA, <br><br> Plaintiffs, <br><br> v. <br><br> WEBMD HEALTH CORP., MEDSCAPE, LLC, and WEBMD GLOBAL LLC, <br><br> Defendants. | Case No. 20-cv-00053 (ALC) <br><br><br><br><br> **ANSWER TO FIRST** <br> **AMENDED COMPLAINT** |

Defendants WebMD Health Corp. (WebMD"), Medscape, LLC ("Medscape"), and WebMD Global LLC ("Global") (collectively, WebMD, Medscape and Global are referred to as "defendants"), for their Answer to the First Amended Complaint (the "FAC") filed in this action by plaintiffs Medcenter Holdings Inc., Medcenter Solutions SA, Med Solutions México, S. de R.L. de C.V. and Medcenter Solutions do Brasil SA (collectively, "plaintiffs" or "Medcenter"), allege as follows:

1. Deny the allegations made in paragraph 1 of the FAC, except admit that plaintiffs purport to bring such an action and admit that WebMD entered into a non-disclosure agreement with Medcenter Holdings Inc.

2. Deny the allegations made in paragraph 2 of the FAC.

3. Deny the allegations made in paragraph 3 of the FAC except admit that WebMD conducted diligence of Medcenter in contemplation of a merger or acquisition.

4. Deny the allegations made in paragraph 4 of the FAC.

5. Deny the allegations made in paragraph 5 of the FAC.

1791189

6.      Deny the allegations made in paragraph 6 of the FAC.

7.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the FAC.

8.      Deny the allegations made in paragraph 8 of the FAC.

9.      Deny the allegations made in paragraph 9 of the FAC except lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' state of mind.

10.     Deny the allegations made in paragraph 10 of the FAC.

11.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of the FAC.

12.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the FAC.

13.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the FAC.

14.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the FAC.

15.     Deny the allegations made in paragraph 15 of the FAC, except admit that WebMD is a Delaware corporation with its principal place of business at 395 Hudson Street, New York, New York 10014.

16.     Deny the allegations made in paragraph 16 of the FAC, except admit that WebMD was previously a publicly traded company, and that WebMD is one of a portfolio of brands operated by the internet media company MH Sub I, LLC d/b/a Internet Brands, and respectfully

refer the Court to SEC filings for additional details concerning the transaction described in said paragraph.

17.     Deny the allegations made in paragraph 17 of the FAC, except admit that Medscape is a Delaware corporation with its principal place of business at 395 Hudson Street, New York, New York 10014.

18.     Admit the allegations made in paragraph 18 of the FAC.

19.     Deny the allegations made in paragraph 19 of the FAC, except admit that Global is a Delaware corporation with its principal place of business at 395 Hudson Street, New York, New York 10014.

20.     Deny the allegations made in paragraph 20 of the FAC and respectfully refer the Court to the sources identified in said paragraph for the contents thereof.

21.     Deny the allegations made in paragraph 21 of the FAC, except admit there exists a website platform branded "Medscape."

22.     Deny the allegations made in paragraph 22 of the FAC.

23.     Deny the allegations made in paragraph 23 of the FAC, except admit that plaintiffs purport to bring claims over which the Court has subject matter jurisdiction.

24.     Admit the allegations made in paragraph 24 of the FAC.

25.     Admit the allegations made in paragraph 25 of the FAC.

26.     Admit the allegations made in paragraph 26 of the FAC.

27.     Deny the allegations made in paragraph 27 of the FAC, except admit that venue in this District is proper.

28.     Deny the allegations made in paragraph 28 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether starting

in or about 1999, Medcenter became the dominant provider of medical and pharmaceutical drug information, professional accreditation programs and continuing education courses for physicians throughout the Latin American region.

29.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 29 of the FAC.

30.     Deny the allegations made in paragraph 30 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether as of mid-2016, Medcenter's revenues primarily had been generated by this Pharma Client marketing-related business.

31.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 31 of the FAC.

32.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 32 of the FAC.

33.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 33 of the FAC.

34.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 34 of the FAC.

35.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of the FAC.

36.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the FAC.

37.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 37 of the FAC.

38.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 38 of the FAC.

39.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 39 of the FAC.

40.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 40 of the FAC.

41.     Deny the allegations made in paragraph 41 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the content of the Physicians Database.

42.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 42 of the FAC.

43.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 43 of the FAC.

44.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 44 of the FAC.

45.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 45 of the FAC.

46.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 46 of the FAC.

47.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 47 of the FAC.

48.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 48 of the FAC.

49.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 49 of the FAC.

50.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 50 of the FAC.

51.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 51 of the FAC.

52.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 52 of the FAC.

53.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 53 of the FAC.

54.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 54 of the FAC.

55.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 55 of the FAC.

56.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 56 of the FAC.

57.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 57 of the FAC.

58.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 58 of the FAC.

59.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 59 of the FAC.

60.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 60 of the FAC.

61.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 61 of the FAC.

62.     Deny the allegations made in paragraph 62 of the FAC.

63.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 63 of the FAC.

64.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 64 of the FAC.

65.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 65 of the FAC.

66.     Deny the allegations made in paragraph 66 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aristu's seniority at Medcenter.

67.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 67 of the FAC.

68.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 68 of the FAC.

69.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 69 of the FAC.

70.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 70 of the FAC.

71.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 71 of the FAC.

72.     Deny the allegations made in paragraph 72 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Medcenter thinks it discovered.

73.     Deny the allegations made in paragraph 73 of the FAC, except admit that Medcenter and Medscape entered into a Collaboration Agreement on or about December 13, 2013 and respectfully refer the Court to the Collaboration Agreement for the terms and provisions thereof.

74.     Deny the allegations made in paragraph 74 of the FAC, except admit that Medscape operated online portals that offered medical information for physicians and healthcare practitioners.

75.     Deny the allegations made in paragraph 75 of the FAC, except admit that Medscape has always engaged in marketing programs for large pharmaceutical companies around the globe, that its global online presence has always dwarfed that of Medcenter, and that it was well-known in Latin America without any assistance from Medcenter.

76.     Deny the allegations made in paragraph 76 of the FAC, except admit that Medcenter and Medscape entered into a Collaboration Agreement on or about December 13, 2013 and respectfully refer the Court to the Collaboration Agreement for the terms and provisions thereof.

77.     Deny the allegations made in paragraph 77 of the FAC, except admit that Medcenter and Medscape entered into a Collaboration Agreement on or about December 13, 2013

and respectfully refer the Court to the Collaboration Agreement for the terms and provisions thereof.

78.     Deny the allegations made in paragraph 78 of the FAC, except admit that Medcenter and Medscape entered into a Collaboration Agreement on or about December 13, 2013 and respectfully refer the Court to the Collaboration Agreement for the terms and provisions thereof.

79.     Deny the allegations made in paragraph 79 of the FAC, except admit that Medcenter and Medscape entered into a Collaboration Agreement on or about September 1, 2007 and respectfully refer the Court to the Collaboration Agreement for the terms and provisions thereof, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning benefits of the collaboration for Medcenter.

80.     Deny the allegations made in paragraph 80 of the FAC.

81.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 81 of the FAC.

82.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 82 of the FAC.

83.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 83 of the FAC.

84.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 84 of the FAC.

85.     Deny the allegations made in paragraph 85 of the FAC, except admit that in 2014 and 2015, WebMD discussed with Medcenter a possible acquisition transaction.

86.     Deny the allegations made in paragraph 86 of the FAC, except admit that WebMD and Medcenter entered into a Non-Disclosure Agreement dated March 3, 2014 (the "NDA"), and respectfully refer the Court to the NDA for the terms and provisions thereof, and lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning the physical location of individuals who executed the NDA.

87.     Deny the allegations made in paragraph 87 of the FAC, except admit that the NDA is governed by New York law and that it protected confidential information, but respectfully refer to the Court to the NDA for the terms and provisions thereof.

88.     Deny the allegations made in paragraph 88 of the FAC, and respectfully refer the Court to the NDA for the terms and provisions thereof.

89.     Deny the allegations made in paragraph 89 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's motivations.

90.     Deny the allegations made in paragraph 90 of the FAC, except admit that WebMD conducted due diligence, and the information requested and provided was the subject of conversations between the parties, but lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's motivations.

91.     Deny the allegations made in paragraph 91 of the FAC, except admit that WebMD conducted due diligence, which included a review of documents provided by Medcenter, and conversations with certain Medcenter personnel.

92.     Admit the allegations made in paragraph 92 of the FAC.

93.     Deny the allegations made in in paragraph 93 of the FAC, except admit that there was a dinner in 2015, and lack knowledge or information sufficient to form a belief as to the truth

of the allegations made concerning the attendees at the dinner and the roles of Aristu and Estefania at Medcenter.

94.     Deny the allegations made in paragraph 94 of the FAC, except admit that WebMD requested that Medcenter provide it with copies of some contracts as part of the due diligence process, and lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning whether Aristu's 2013 and 2014 consulting agreements were provided.

95.     Deny the allegations made in paragraph 95 of the FAC, and respectfully refer the Court to the document referenced in said paragraph for the contents thereof.

96.     Deny the allegations made in paragraph 96 of the FAC, and respectfully refer the Court to the document referenced in said paragraph for the contents thereof.

97.     Deny the allegations made in paragraph 97 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's motivations and concerns.

98.     Deny the allegations made in paragraph 98 of the FAC, except admit that WebMD performed due diligence, which included an analysis of Medcenter's revenues and expenses.

99.     Deny the allegations made in paragraph 99 of the FAC, except admit that WebMD performed due diligence, which included an analysis of Medcenter's revenues and expenses.

100.     Deny the allegations made in paragraph 100 of the FAC, except admit that WebMD was already familiar with Medcenter's databases from prior dealings of the parties.

101.     Deny the allegations made in paragraph 101 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's beliefs about its methodologies and matrices.

102.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 102 of the FAC.

103.     Deny the allegations made in paragraph 103 of the FAC, except admit that WebMD performed due diligence, which included an analysis of Medcenter's business relationships, most of which overlapped with WebMD's then existing longstanding business relationships with the same pharma clients.

104.     Deny the allegations made in paragraph 104 of the FAC, except admit that WebMD performed due diligence, which included an analysis of Medcenter's business relationships, most of which overlapped with WebMD's then existing longstanding business relationships with the same pharma clients.

105.     Deny the allegations made in paragraph 105 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of what Medcenter claims it "learned" from hearsay statements of others.

106.     Deny the allegations made in paragraph 106 of the FAC, except admit the parties engaged in some negotiation over a possible purchase price, but no agreement was ever made.

107.     Deny the allegations made in paragraph 107 of the FAC, except admit that the topic of a potential acquisition of Medcenter was discussed by the WebMD board, which had sole authority to either approve or reject a transaction and the terms thereof.

108.     Deny the allegations made in paragraph 108 of the FAC.

109.     Deny the allegations made in paragraph 109 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Cuddy Associates.

110.   Deny the allegations made in paragraph 110 of the FAC, except admit that the parties exchanged letters during the timeframe indicated, and respectfully refer the Court to those letters for the contents thereof.

111.   Deny the allegations made in paragraph 111 of the FAC, except admit that the parties exchanged letters during the timeframe indicated, and respectfully refer the Court to those letters for the contents thereof.

112.   Deny the allegations made in paragraph 112 of the FAC, except admit that at all times relevant to this action, WebMD complied with whatever obligations it may have had to Medcenter, and that the parties exchanged letters during the timeframe indicated, and respectfully refer the Court to those letters for the contents thereof.

113.   Deny the allegations made in paragraph 113 of the FAC.

114.   Deny the allegations made in paragraph 114 of the FAC, except admit that WebMD accused Medcenter of falsely trading off of its own name by misrepresenting that the parties had a partnership with each other when they did not, and that the parties exchanged letters during the timeframe indicated, and respectfully refer the Court to those letters for the contents thereof.

115.   Deny the allegations made in paragraph 115 of the FAC.

116.   Deny the allegations made in paragraph 116 of the FAC.

117.   Deny the allegations made in paragraph 117 of the FAC.

118.   Deny the allegations made in paragraph 118 of the FAC.

119.   Deny the allegations made in paragraph 119 of the FAC, and respectfully refer the Court to the LinkedIn profile for the contents thereof.

120.   Deny the allegations made in paragraph 120 of the FAC.

121.    Deny the allegations made in paragraph 121 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Estefania's skill set when she joined Medcenter.

122.    Deny the allegations made in paragraph 122 of the FAC.

123.    Deny the allegations made in paragraph 123 of the FAC, except admit that Estefania worked for WebMD for approximately 15 months.

124.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 124 of the FAC.

125.    Deny the allegations made in paragraph 125 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Aristu told Sanmarco.

126.    Deny the allegations made in paragraph 126 of the FAC, except admit that Schneider worked for WebMD in Europe during 2016.

127.    Deny the allegations made in paragraph 127 of the FAC, except admit that Sanmarco and Schneider spoke by telephone, but that it was Sanmarco who was still pressing WebMD to acquire Medcenter despite its prior decision to not do so.

128.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 128 of the FAC.

129.    Deny the allegations made in paragraph 129 of the FAC.

130.    Deny the allegations made in paragraph 130 of the FAC, except admit that Aristu met with Schneider in Miami at her request.

131.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 131 of the FAC.

132.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 132 of the FAC.

133.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 133 of the FAC.

134.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 134 of the FAC.

135.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 135 of the FAC.

136.   Deny the allegations made in paragraph 136 of the FAC.

137.   Deny the allegations made in paragraph 137 of the FAC, except admit that Sanmarco and Schneider communicated by email, and lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Sanmarco's mindset.

138.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 138 of the FAC, and respectfully refer the Court to Aristu's LinkedIn profile for the contents thereof.

139.   Deny the allegations made in paragraph 139 of the FAC.

140.   Deny the allegations made in paragraph 140 of the FAC, except admit that Aristu executed and delivered to Global a consulting agreement, and invoke attorney/client privilege concerning any communications between counsel and Aristu.

141.   Deny the allegations made in paragraph 141 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what Aristu had been doing for Medcenter for many years.

142.   Deny the allegations made in paragraph 142 of the FAC.

143.    Deny the allegations made in paragraph 143 of the FAC, and respectfully refer the Court to the consulting agreement for the terms and provisions thereof.

144.    Deny the allegations made in paragraph 144 of the FAC.

145.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 145 of the FAC.

146.    Deny the allegations made in paragraph 146 of the FAC.

147.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 147 of the FAC.

148.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 148 of the FAC.

149.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 149 of the FAC.

150.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 150 of the FAC.

151.    Deny the allegations made in paragraph 151 of the FAC.

152.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 152 of the FAC.

153.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 153 of the FAC, except admit that Aristu told Schneider that she had not been paid compensation due her from Medcenter.

154.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 154 of the FAC, except admit that Aristu told Schneider that she had not been paid compensation due her from Medcenter.

155.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 155 of the FAC.

156.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 156 of the FAC.

157.   Deny the allegations made in paragraph 157 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what Medcenter could and could not have done.

158.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 158 of the FAC, except admit that Medcenter was on notice of its claims no later than September 6, 2016 by reason of the facts set forth in said paragraph.

159.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 159 of the FAC, except admit that Medcenter was on notice of its claims no later than September 6, 2016 by reason of the facts set forth in said paragraph.

160.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 160 of the FAC, except admit that Medcenter was on notice of its claims no later than September 6, 2016 by reason of the facts set forth in said paragraph.

161.   Deny the allegations made in paragraph 161 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning steps Medcenter took to retain Pharma Clients and close contracts for Directed Projects.

162.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 162 of the FAC.

163.    Deny the allegations made in paragraph 163 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what Pharma Clients told Medcenter.

164.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 164 of the FAC.

165.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 165 of the FAC.

166.    Deny the allegations made in paragraph 166 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what Medcenter saw and when.

167.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 167 of the FAC.

168.    Deny the allegations made in paragraph 168 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning what, if any, Directed Projects Aristu was in charge of working while working at Medcenter.

169.    Deny the allegations made in paragraph 169 of the FAC.

170.    Deny the allegations made in paragraph 170 of the FAC.

171.    Deny the allegations made in paragraph 171 of the FAC.

172.    Deny the allegations made in paragraph 172 of the FAC, and respectfully refer the Court to the LinkedIn page described in said paragraph for the contents thereof.

173.    Deny the allegations made in paragraph 173 of the FAC, except admit that the portal http://espanol.medscape.com was launched in February 2016, and lack knowledge or information

sufficient to form a belief as to the truth of the allegations made concerning the results of the archival search referenced in said paragraph.

174.    Deny the allegations made in paragraph 174 of the FAC.

175.    Deny the allegations made in paragraph 175 of the FAC.

176.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 176 of the FAC.

177.    Deny the allegations made in paragraph 177 of the FAC.

178.    Deny the allegations made in paragraph 178 of the FAC.

179.    In response to paragraph 179 of the FAC, repeat and reallege the answers set forth above to the paragraphs incorporated by reference therein as if fully set forth at length herein.

180.    Deny the allegations made in paragraph 180 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's business operations, the location thereof, and whether and to what extent said business impacted interstate commerce.

181.    Deny the allegations made in paragraph 181 of the FAC.

182.    Deny the allegations made in paragraph 182 of the FAC.

183.    Deny the allegations made in paragraph 183 of the FAC.

184.    Deny the allegations made in paragraph 184 of the FAC.

185.    Deny the allegations made in paragraph 185 of the FAC.

186.    Deny the allegations made in paragraph 186 of the FAC.

187.    Deny the allegations made in paragraph 187 of the FAC.

188.     Deny the allegations made in paragraph 188 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's efforts to research, compile, organize and maintain the Physicians Database.

189.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 189 of the FAC.

190.     Deny the allegations made in paragraph 190 of the FAC.

191.     Deny the allegations made in paragraph 191 of the FAC.

192.     Deny the allegations made in paragraph 192 of the FAC.

193.     Deny the allegations made in paragraph 193 of the FAC.

194.     Deny the allegations made in paragraph 194 of the FAC.

195.     Deny the allegations made in paragraph 195 of the FAC, except admit that Medcenter purports to demand judgment in the manner stated even though it has no right to same.

196.     In response to paragraph 196 of the FAC, repeat and reallege the answers set forth above to the paragraphs incorporated by reference therein as if fully set forth at length herein.

197.     Deny the allegations made in paragraph 197 of the FAC.

198.     Deny the allegations made in paragraph 198 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning steps taken by Medcenter, and the reasonableness of same.

199.     Deny the allegations made in paragraph 199 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning the value and content of the alleged trade secrets, investments made by Medcenter in them, and how easily some or all of the information Medcenter claims as trade secrets could be easily duplicated.

200.     Deny the allegations made in paragraph 200 of the FAC.

201.    Deny the allegations made in paragraph 201 of the FAC.

202.    Deny the allegations made in paragraph 202 of the FAC.

203.    Deny the allegations made in paragraph 203 of the FAC.

204.    Deny the allegations made in paragraph 204 of the FAC.

205.    Deny the allegations made in paragraph 205 of the FAC.

206.    Deny the allegations made in paragraph 206 of the FAC, except admit that Medcenter purports to demand judgment in the manner stated even though it has no right to same.

207.    In response to paragraph 207 of the FAC, repeat and reallege the answers set forth above to the paragraphs incorporated by reference therein as if fully set forth at length herein.

208.    Admit the allegations made in paragraph 208 of the FAC.

209.    Deny the allegations made in paragraph 209 of the FAC, except admit that Medcenter disclosed business information to WebMD during the due diligence process, and lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's motivations.

210.    Deny the allegations made in paragraph 210 of the FAC, except lack knowledge or information sufficient to form a belief as to the truth of the allegations made concerning Medcenter's motivations.

211.    Deny the allegations made in paragraph 211 of the FAC, and respectfully refer the Court to the NDA for the terms and provisions thereof.

212.    Deny the allegations made in paragraph 212 of the FAC, but admit that the NDA does not have an express expiration date.

213.    Admit the allegations made in paragraph 213 of the FAC.

214.    Deny the allegations made in paragraph 214 of the FAC.

215.     Deny the allegations made in paragraph 215 of the FAC.

216.     Deny the allegations made in paragraph 216 of the FAC.

217.     Deny the allegations made in paragraph 217 of the FAC.

218.     Deny the allegations made in paragraph 218 of the FAC.

219.     Deny the allegations made in paragraph 219 of the FAC, and respectfully refer the Court to the NDA for the terms and provisions thereof.

220.     Deny the allegations made in paragraph 220 of the FAC.

221.     Deny the allegations made in paragraph 221 of the FAC.

## FOR A FIRST AFFIRMATIVE DEFENSE

222.     Medcenter CEO Sanmarco and Aristu had a decade-long intimate relationship that began just months after Medcenter hired Aristu in or about 2003 or 2004.

223.     The two eventually lived together, became common law husband and wife, and have a daughter for whom Aristu is now the primary custodial parent.

224.     In or about May 2014, Aristu moved out of the parties' joint residence.

225.     In the year or so before Aristu moved out, her relationship with Sanmarco had become volatile, as Sanmarco became increasingly difficult for Aristu to both live and work with.

226.     After she moved into her own separate residence, the parties' work relationship deteriorated even further, and became toxic to the point that in 2015 after Sanmarco learned that Aristu was dating, he directed others at the company to remotely delete Aristu's digital presence at the company.

227.     By the time Aristu decided in June 2016 to leave Medcenter and become a consultant for Global, she had essentially been forced out of the company by Sanmarco's behavior and antics, which included improperly withholding from her earned compensation.

228.    Even after she left, Sanmarco directed Medcenter to continue to withhold earned compensation from Aristu, eventually forcing her to threaten a claim in Argentina to recover amounts to which she was entitled, both pre and post-departure from Medcenter.

229.    The parties also had other ongoing disputes with each other, including Sanmarco's refusal to repay a $70,000 loan Aristu had made to him before they separated.

230.    Sanmarco knew from the outset of her retention by Global as a consultant what Aristu was doing for Global, as he benefited from her income from Global, which has helped defray the custodial expenses of their daughter.

231.    As a result, Medcenter, through Sanmarco, knew or should have known about all of the claims alleged in the FAC in or about June 2016 shortly after Aristu's departure, and certainly not later than September 2016 when Medcenter threatened suit against Aristu.

232.    By reason of foregoing, the claims set forth in Counts 1 and 2 of the FAC are barred by applicable statutes of limitations.

<strong><u>FOR A SECOND AFFIRMATIVE DEFENSE</u></strong>

233.    Defendants repeat and reallege the allegations made in paragraphs 222-232 above as if set forth at length herein.

234.    By reason of foregoing, the right to bring one or more of the claims alleged in the FAC has been waived.

<strong><u>FOR A THIRD AFFIRMATIVE DEFENSE</u></strong>

235.    Defendants repeat and reallege the allegations made in paragraphs 222-232 above as if set forth at length herein.

236.    By reason of foregoing, the claims set forth in the FAC are barred, in whole or in part, by the doctrine of laches.

**FOR A FOURTH AFFIRMATIVE DEFENSE**

237.   Defendants repeat and reallege the allegations made in paragraphs 222-232 above as if set forth at length herein.

238.   Aristu is not obligated to remain in a job under the authority of her abusive ex-husband, and is entitled to earn a living from another company in her chosen profession using her skills and know-how.

239.   Aristu was entitled to seek refuge from Sanmarco by becoming a consultant for Global, and doing so is not actionable.

240.   Medcenter knows that working for Sanmarco became intolerable for Aristu, and that she needed to leave the company because of his abusive behavior, yet it took no action against him to protect her.

241.   Medcenter knew and continues to know that defendants' global online presence has always dwarfed that of Medcenter, that defendants' core business was and always had been working with big pharma companies in helping them launch new products, and that defendants did not need access to any proprietary information of Medcenter to compete in Latin America.

242.   The claims against defendants here are therefore brought in bad faith, and are not being pursued for a legitimate good faith business purpose

243.   Accordingly, Medcenter is estopped from pursuing the claims set forth in the FAC.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

244.   To the extent plaintiffs no longer exist as companies in good standing organized under the laws of the jurisdictions in which they were formed, they lack standing to bring the claims asserted in this action.

## FOR A SIXTH AFFIRMATIVE DEFENSE

245.    After the Collaboration Agreement was terminated, in breach of that agreement, Medcenter continued to represent to its client base that it was affiliated with Medscape.

246.    Medscape notified Medcenter in the fall of 2015 that it was to cease and desist from falsely representing to third-parties that it was affiliated with Medscape.

247.    By reason of the foregoing, Medcenter materially breached its post-termination obligations under the Collaboration Agreement.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

248.    By this lawsuit, Sanmarco is looking to make Aristu and defendants scapegoats for his own mismanagement and misconduct at Medcenter, and divert attention from himself.

249.    On information and belief, while CEO of Medcenter, Sanmarco regularly moved money around from company to company, and account to account, for his personal benefit, and was observed occasionally coming home with cash taped to his body beneath his clothing.

250.    Sanmarco is responsible for Medcenter's demise, and Medcenter is therefore barred from recovery here by virtue of its own misconduct and unclean hands.

WHEREFORE, defendants respectfully request that judgment be entered dismissing the claims made by plaintiffs, with prejudice, and for such other further and different relief as the Court deems just and proper.

Dated: New York, New York
         April 23, 2021                          BROWNE GEORGE ROSS
                                                 O'BRIEN, ANNAGUEY & ELLIS LLP


                                                 By:    s/Jeffrey A. Mitchell
                                                        Jeffrey A. Mitchell
                                                        Stephen P. Farrelly
                                                 5 Penn Plaza, 24th Floor
                                                 New York, New York 10001

Telephone:  (212) 413-2600
Facsimile:  (212) 413-2629
jmitchell@bgrfirm.com
sfarrelly@bgrfirm.com
*Attorneys for Defendants*