```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MEDCENTER HOLDINGS INC. et al.,              :
                                             :      ORDER
                      Plaintiffs,
                                             :      20 Civ. 53 (ALC) (GWG)
       -v.-
                                             :
WEB MD HEALTH CORP. et al.,                  :
                                             :
                      Defendants.
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Before the Court are the parties' recent letters (Docket ## 118 and 119). At the February 8, 2024 oral argument, the Court gave the defendants an opportunity to further support their motion for spoliation sanctions and reargument (Docket # 98) to the extent the motion was tied to plaintiffs' alleged failure to preserve the ESI generated by Padilla in his investigation in early 2017. This ruling was made in light of the fact that the Court misapprehended what information could be gleaned from the Salesforce database in the form it was ultimately preserved.

      While the Court encouraged the parties to reach an agreement, the letters reflect that no agreement has been reached. Because the Court has no power to force an agreement, the Court sees no purpose in holding a conference. Accordingly, the Court's original directive to brief the issue (and on the timetable stated at the oral argument) remains in effect. The defendants' letter or brief is due on or before March 11, 2024. The Court is sympathetic to plaintiffs' stated desire to move the case along. Accordingly, plaintiffs may file any response as soon after the defendants' filing as they wish (up to 30 days later). Any reply by the defendants must be filed within the same number of days that plaintiffs make their filing.

      In case it helps the parties in their efforts to resolve the issue consensually, however, the Court notes the following: (1) It does not seem not necessary for plaintiffs to insist that defendants be precluded from offering evidence of Padilla's investigation— as long as the defendants agree that in the extremely unlikely event that defendants were to offer such evidence, it would open the door for plaintiffs to offer evidence on the topic. This would be the inevitable ruling anyway if defendants offered such evidence. (2) The Court's review of the record on the original motion and on the reconsideration motion has already persuaded it that there was no "intent to deprive" defendants of the ESI generated by Padilla and thus the sanctions listed in Fed. R. Civ. P. 37(e)(2) will not be available to defendants. All the Court will be called on to do is to order measures "no greater than necessary to cure the prejudice" from the loss. Fed. R. Civ. P. 37(e)(1). The parties should certainly try once more to reach a resolution on their own before defendants' submission is made.

SO ORDERED.

Dated: February 27, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge