# ELLIS GEORGE LLP

Ellis George LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, NY 10019

Jeffrey A. Mitchell
212.413.2601
jmitchell@ellisgeorge.com

May 27, 2025

**VIA ECF AND E-MAIL**

Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Medcenter Holdings Inc. et al. v. WebMD Health Corp. et al.*, No. 20-cv-0053
            Request for Pre-Motion Conference Regarding Rule 11 Sanctions

Dear Judge Carter:

      We represent defendants WebMD Health Corp., Medscape, LLC, and WebMD Global LLC (collectively, "Defendants" or "WebMD") in the above-referenced action. We write to follow-up on our previous request to file a Fed. R. Civ. P. 11 ("Rule 11") sanctions motion to recover all costs and fees incurred by WebMD to defend the theft of trade secrets claims asserted by Plaintiffs (First Amended Complaint ["FAC"], [ECF No. 18], Counts I and II). Those claims were dismissed as time-barred on March 31, 2025 in the Court's grant of partial summary judgment to WebMD. ECF No. 153. In dismissing the trade secrets claims, the Court ruled, in pertinent part:

> Here, the September 2016 shareholder meeting minutes **make clear** that the **Plaintiff was aware** that Medcenter was directly damaged because ***Aristu*** "*provided [the competition with] sensitive data protected by fiscal and commercial secrecy*, as demonstrated by documentation provided by clients." ECF No. 132 at 39; *see also* SUF ¶ 232. Based on Medcenter's knowledge that Aristu disclosed these trade secrets to competitors, the statute of limitations clock started at least as early as September 2016. Therefore, the federal DTSA claims are barred by the relevant statutes of limitations.

ECF No. 153 at 13 (emphasis added).

      As the Court may recall, the September 2016 shareholder minutes were the very basis upon which WebMD first sought permission to file a motion for partial summary judgment and for Rule 11 sanctions in July 2022. ECF No. 56. In its letter back then, WebMD advised the Court that it had discovered from documents then recently produced by Plaintiffs (a/k/a "Medcenter") that there were minutes from September 2016 "[that] prove actual knowledge [of the trade secret claims] more than three years before the suit was filed." *Id.* at 1. These minutes then resulted in the grant of summary judgment 2-1/2 years later, but only after WebMD was forced to incur significant costs and fees in what turned out to be needless discovery and motion practice concerning those

3010555.1

ELLIS GEORGE LLP

Hon. Andrew L. Carter, Jr., U.S.D.J.
May 27, 2025
Page 2

time-barred trade secrets claims. When the Court denied permission to file a Rule 11 motion in 2022, that was expressly without prejudice. Your Honor told the parties at the pre-motion conference that, "It does seem to me that it makes more sense to wait until discovery is complete; ***and at that point***, certainly, ***the defendants can file any motion for sanctions***, and they can file a motion for complete summary judgment." September 15, 2022 Transcript of Hearing, ECF No. 65 at 3:21-25 (emphasis added); *see also*, 9:18-23 ("We can deal with these motions after discovery is complete."). While this alone may already constitute the permission needed to file a Rule 11 motion now that summary judgment has been granted for the same reasons as were set forth in WebMD's 2022 pre-motion letter, in abundance of caution, we respectfully request that the Court either confirm that our reading of its prior ruling is right or, if necessary, hold a pre-motion conference to discuss this issue.

It is also noteworthy that Plaintiffs' false claim that "they did not have sufficient information to discover that Aristu had actually misappropriated Medcenter's proprietary databases until October 2017," was precisely the reason the Court denied WebMD's pre-answer motion to dismiss the trade secrets claims as time-barred. ECF No. 33 at 9. The Court's decision says that it "cannot conclude that the First Amended Complaint clearly shows Medcenter should have discovered the misappropriation by the exercise of reasonable diligence more than three years prior to the filing of the Complaint." *Id*. Plaintiffs and their counsel knew, or certainly should have known, about these minutes before suit was ever filed. And, at the barest of minimums, once confronted with them by WebMD in 2022, they should have voluntarily dismissed those claims. Almost all of the discovery in this case concerned the theft of trade secrets claims, which included the grant of spoliation sanctions by Magistrate Judge Gorenstein for the failure to preserve the databases that allegedly contained them. So, not only were the trade secrets claims objectively untimely, the alleged trade secrets themselves were also not even preserved.

The balance of this case that is to be tried concerns a separate and distinct issue having nothing to do with theft of trade secrets. Plaintiffs falsely claim that WebMD used confidential information allegedly disclosed in 2014 during due diligence to identify and then poach two of its employees two years later, in 2016. That claim is so bereft of evidence that almost all of the discovery and motion practice in this case on both sides concerned the trade secrets claims alone. For that reason, the Court should not defer consideration of this proposed Rule 11 motion until after trial, since it is ripe now. Indeed, resolving the Rule 11 motion first may ultimately encourage Plaintiffs to withdraw the balance of their claims, as there is no proof that WebMD used any confidential information for anything other than due diligence, during which it learned that Medcenter was nowhere close to the healthy company they represented it to be, so much so, that by April 2016, a little more than one month before Mariel Aristu was even hired, its own investors refused to loan the company as little as $100,000. ECF No. 134-64 at 2. The proof of how bad Medcenter's finances were well before the Aristus left is as clear as the meeting minutes the Court

3010555.1

ELLIS GEORGE LLP

Hon. Andrew L. Carter, Jr., U.S.D.J.
May 27, 2025
Page 3

agreed with WebMD proved actual notice of trade secrets claims outside the statute of limitations period.  Plaintiffs know that none of the due diligence materials they produced during discovery disclose any details about the Aristus, Medcenter's pipeline deals, or their trade secrets.  And this due diligence was from 2014 and earlier, so it was stale by 2016 anyway.  This failure of proof is so significant that WebMD believes it is highly unlikely the Court will ever let this case go to a jury on liability or damages, and Plaintiffs and their counsel know that too.  But, this case has never been about anything other than trying to survive dismissal and summary judgment motions with vague, time-barred, and otherwise baseless unverifiable claims just to try and roll the dice at trial.

Sanctions are appropriate where a party knowingly pursues time-barred claims.  *Levy v. Aaron Faber, Inc.,* 148 F.R.D. 114, 122-23 (S.D.N.Y. Jan. 24, 2003) (sanctioning plaintiff's counsel for bringing claims that were clearly time-barred).  Indeed, where a plaintiff's argument that its claims are timely is "weak and utterly unconvincing," as here, where the plain language of corporate resolutions and corporate officer testimony show the claims are time-barred, sanctions are appropriate.  *Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, No. 22 CIV. 2716 (CM), 2023 WL 2346337, at *9 (S.D.N.Y. Mar. 3, 2023) (discussing Rule 11 factors, safe harbor requirements, and how to analyze Rule 11 claims).

WebMD originally sought permission to file a Rule 11 motion promptly after it learned about the existence of the shareholder resolutions in 2022 that the Court ultimately agreed in 2025 were clear and unambiguous, and proved that the trade secrets claims were barred by statute of limitations from the outset of this case.  The Court deferred any motion for sanctions until after summary judgment was decided.  At the pretrial conference held on April 8, 2025, the Court directed that the parties discuss settlement, after which they told the Court on April 30, 2025 that one could not be reached.  WebMD is therefore compelled to pursue its request for Rule 11 sanctions now or risk waiver.  "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. . . . Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."  *In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 n.1 (2d Cir. 2003); *see also*, *Robinson v. De Niro*, 614 F. Supp. 3d 73, 80-81 (S.D.N.Y. 2022), *report and recommendation adopted*, No. 19-CV-09156 (LJL), 2022 WL 7091518 (S.D.N.Y. Oct. 12, 2022).  Because the Court deferred WebMD's original request, the time to move for sanctions is now.

For the reasons set forth above, WebMD respectfully requests that the Court either confirm that, pursuant to its prior ruling on September 15, 2022, it already has permission to file a Rule 11 motion because of the recent grant of partial summary judgment dismissing the trade secrets claims, or, alternatively, that the Court schedule a pretrial conference to discuss this issue.

3010555.1

ELLIS GEORGE LLP

Hon. Andrew L. Carter, Jr., U.S.D.J.
May 27, 2025
Page 4

                                        Respectfully submitted,

                                        Jeffrey A. Mitchell

JAM:spf

cc:     All counsel of record (via CM/ECF)

3010555.1